Filed 7/14/25  P. v. Trost CA4/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>TREVOR KARSTEN TROST,<br><br>  Defendant and Appellant. | D085447<br><br><br><br>(Super. Ct. No. INF2200324) |

APPEAL from a judgment of the Superior Court of Riverside County, Frederick Paul Dickerson, III, Judge.  Affirmed.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and Stephanie H. Chow, Deputy Attorneys General, for Plaintiff and Respondent.

Trevor Karsten Trost challenges the sufficiency of the evidence for his conviction of violating a protective order.  Resolving this matter by

memorandum opinion (see generally *People v. Garcia* (2002) 97 Cal.App.4th 847), we affirm.

I.

Trost and Jane Doe were together approximately 25 years, during which they had one child. Their relationship ended in 2020, but they continued living together in 2021 and 2022.

In August 2021, after Jane reported physical abuse to the police earlier that year, a court issued a three-year protective order under Penal Code section 136.2. The protective order prohibited Trost from having any negative contact with Jane through the listed August 2024 expiration date. It stated the protective order remained valid "as long as the court has jurisdiction over the case" but not after "imposition of" a jail or prison commitment.

Six months later, on February 16, 2022, Trost charged at Jane while she was in her bedroom. Trost then, among other things, punched and choked Jane. After Trost left the house, Jane called the police. The responding officers collected evidence and interviewed Jane.

At trial, the jury watched footage from the day of the incident captured by a responding officer's body worn camera. As seen in the video, Jane told the officer about a no negative contact protective order. Though Jane admitted she did not "know if it's still in place," the officer responded, "We'll check on that." Jane explained Trost was "being charged with domestic violence" and was due to appear in court on those charges the next week. She confirmed, on that day, "there[ was] a pending case against him." Yet at other points in the interview Jane denied Trost "had a history of domestic violence" or had ever assaulted her before.

At trial, the responding officer testified she was made aware of the criminal protective order when doing her investigation on the date of the incident.

Based on the February 2022 incident, the jury found Trost guilty of inflicting injury on a fellow parent (§ 273.5(a); count 3) and violating a protective order (§ 166(c)(1); count 5). He was sentenced to three years of formal probation.

## II.

Trost argues there was insufficient evidence to convict him of violating a protective order based on a lack of any evidence showing the protective order was still "pending" on February 16, 2022. We disagree.

We review claims of insufficient evidence under the substantial evidence standard. (*People v. Kraft* (2000) 23 Cal.4th 978, 1053.) We review the entire record in the light most favorable to the judgment to decide if substantial evidence—reasonable, credible evidence of solid value, even if circumstantial—would allow a rational factfinder to find the defendant guilty beyond a reasonable doubt. (*People v. Stanley* (1995) 10 Cal.4th 764, 792.) While jurors can draw reasonable inferences based on circumstantial evidence, when faced with two competing reasonable conclusions they must accept the innocent interpretation. (*People v. Watson* (1956) 46 Cal.2d 818, 830.) On appeal, however, we "must accept logical inferences that the jury might have drawn from the circumstantial evidence." (*People v. Maury* (2003) 30 Cal.4th 342, 396.) Reversal is only appropriate if "upon no hypothesis whatever is there sufficient substantial evidence to support" the conviction. (*People v. Redmond* (1969) 71 Cal.2d 745, 755.)

Violating a protective order requires an existing valid court order of which the defendant knew, had the ability to follow, and willfully violated.

3

(§§ 166(c)(1), 273.6.) Protective orders issued under section 136.2 are valid only during "the pendency of [a] criminal action." (*People v. Stone* (2004) 123 Cal.App.4th 153, 159.) Here, the jury was instructed the People had to prove beyond a reasonable doubt "[t]he court order was a protective order, issued under Penal code section 136.2 in a pending criminal proceeding involving domestic violence." (CALCRIM No. 2701.)

Trost argues no evidence was presented to support finding the protective order's underlying proceeding was still pending at the time of the February 2022 incident. But the record shows (1) the unexpired protective order was admitted into evidence; (2) Jane's recorded statements discussed the protective order, Trost's upcoming court date for domestic violence, and that "there[ was] a pending case against him"; and (3) testimony the responding officer was aware of the protective order on the day of the incident. This substantial evidence suffices. Though Jane also denied any prior domestic violence, the jury could choose to believe parts of her testimony while rejecting others. (See CALCRIM No. 226.) And a jury could reasonably infer from the evidence the underlying criminal proceeding was still pending at the time of the February 2022 incident. As we must accept any logical inference in support of the conviction, reversal is not warranted here. (*Maury*, 30 Cal.4th at p. 396.)

## III.

We affirm.

                                                    CASTILLO, J.

WE CONCUR:


McCONNELL, P. J.


DATO, J.